UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Progressive Direct Insurance Company,         File No. 22-cv-1060 (ECT/JFD)

        Plaintiff,

v.                                                               **OPINION AND ORDER**

Waris Hydrie,

        Defendants.

---

Beth A. Jenson Prouty, Arthur Chapman, Minneapolis, MN, for Plaintiff Progressive Direct Insurance Company.

---

Plaintiff Progressive Direct Insurance Company seeks entry of a default judgment against Defendant Waris Hydrie. ECF No. 13. This is an insurance coverage declaratory judgment action, by which Progressive seeks a declaration of its rights and obligations under a personal auto policy issued to Hydrie in connection with injuries allegedly sustained by Yi Fang, and the death of Qike Xu, that occurred as the result of a December 9, 2021 motor vehicle accident. At the time of the accident, Ms. Fang and Ms. Xu were passengers in a 2016 Lexus RX that had been rented from Hydrie pursuant to a Turo car sharing agreement. Compl. ¶¶ 2, 12, 15. Progressive's motion will be granted.[1]

---

[1] The Clerk properly entered Hydrie's default. ECF No. 11. The summons and complaint were served personally on Hydrie on April 29, 2022, ECF No. 6, and he has not responded or otherwise appeared. *See generally*, Docket; *see also* Prouty Decl. [ECF No. 16] ¶¶ 6–7. A hearing on the motion was held on October 11, 2022. ECF No. 19. Defendant did not appear or otherwise respond.

The basic process for determining whether a default judgment should be entered is straightforward. Entry of default means that the "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Mary K. Kane, *Federal Practice and Procedure* § 2688.1 (4th ed. Apr. 2022 Update) (footnotes omitted). Thus, it must first be determined whether the taken-as-true factual allegations of the complaint "constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). If the taken-as-true allegations of the complaint constitute a legitimate cause of action, then the amount and other terms of the default judgment must be ascertained. *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Start with the factual allegations in the complaint, which are accepted as true. Progressive is an Ohio corporation with its principal location in Ohio. Compl. ¶ 4. Hydrie is a Minnesota resident. *Id*. ¶ 8. Progressive alleges that the amount in controversy exceeds $75,000. *Id*. ¶ 7. Subject matter jurisdiction thus is proper under 28 U.S.C. § 1332(a)(1).

In December 2021, Hydrie owned a 2016 Lexus RX (the "Lexus"). Compl. ¶ 12. Xuanyu Zhang rented the Lexus from Hydrie from December 9–12, 2021, pursuant to a Turo car sharing agreement. *Id*. ¶ 13. On December 9, an accident occurred when Yueyuan Xiao was driving the Lexus and Ms. Fang and Ms. Xu were passengers. *Id*. ¶¶ 14–15. Ms. Fang was injured and Ms. Xu was killed in the accident. *Id*. ¶ 16. Ms. Fang demanded that Progressive provide liability coverage under Hydrie's automobile policy. *Id*. ¶ 17.

At the time of the accident, Progressive insured Hydrie under a Progressive Minnesota Auto Policy that included the Lexus as a covered auto. *See id*. ¶¶ 18, 19, Ex. A (the "Policy"). The Policy insured Hydrie for "bodily injury and property damage" for which Hydrie was "legally responsible because of an accident," but it also listed a number of exclusions from coverage, including an exclusion for:

> bodily injury of property damage arising out of the use of a covered auto **while leased or rented to others or given in exchange for any compensation**, including while being used in connection with a personal vehicle sharing program. This exclusion does not apply to the operation of a covered auto by you, a relative, or a rated resident.

Policy at 6 ¶ 13 (the "Paragraph 13 Exclusion") (emphasis added).

Progressive thus asserts that it is entitled to a declaration pursuant to 28 U.S.C. § 2201 that the Auto Policy does not provide any liability coverage for the December 9, 2021 accident because the accident occurred while the Lexus was leased or rented to others in exchange for compensation. Compl. ¶ 22. Progressive does not seek any monetary relief. *See* Compl. at 5; *see also* ECF No. 15.

These taken-as-true allegations are sufficient to support a legitimate cause of action under the Declaratory Judgments Act, 28 U.S.C. § 2201, for a declaration that the Policy does not provide liability coverage for the December 9, 2021 accident. Compl. ¶ 11 and at 5.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Motion for Default Judgment [ECF No. 13] is **GRANTED**;

2. The Paragraph 13 Exclusion of the Progressive Personal Auto Policy issued to Hydrie applies to exclude all liability coverage for the December 9, 2021 accident involving the use of a 2016 Lexus RX that had been rented from Hydrie to Xuanyu Zhang pursuant to a Turo car-sharing agreement. The Paragraph 13 Exclusion to liability coverage excludes coverage for "bodily injury . . . arising out of the use of a covered auto while leased or rented to others . . . ." The Paragraph 13 Exclusion applies to preclude coverage because the accident occurred while the Lexus was leased or rented to others for compensation.

3. Progressive has no obligation to defend or indemnify Defendant Hydrie with respect to any action alleging bodily injury or property damage liability as a result of the December 9, 2021 accident.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 11, 2022                s/ Eric C. Tostrud
                                       Eric C. Tostrud
                                       United States District Court